IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MARIE DEMEO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-0472-CV-W-ODS |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER AND OPINION
(1) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
(2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending are Plaintiff's motion for summary judgment (Doc. 22) and Defendant's motion for summary judgment (Doc. 27). Plaintiff's motion is granted. Defendant's motion is denied.

I. BACKGROUND

While driving a vehicle he did not own, Patrick McGinness injured Plaintiff Marie Demeo in an automobile accident. Demeo sued McGinness and obtained a $350,000 judgment against him. The vehicle McGinness was driving at the time of the accident was insured through Defendant State Farm Mutual Automobile Insurance Company. State Farm paid Demeo $100,000.00 under that policy.

McGinness also insured four of his vehicles through State Farm. The liability limits for each policy were $50,000.00 per person and $100,000.00 per occurrence, and each policy provided coverage for McGinness' use of a non-owned vehicle. State Farm paid Demeo $50,000.00 under one of McGinness' policies but denied coverage under

the other three, relying on an "anti-stacking"[1] provision included in each policy.

Demeo filed this action in state court, seeking to recover $150,000.00 from State Farm pursuant to Mo. Rev. Stat. § 379.200.[2] State Farm removed the action to federal court based on diversity jurisdiction,[3] and the parties filed cross motions for summary judgment.

## II. DISCUSSION

Summary judgment is appropriate if, viewing the evidence favorably to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Baum v. Helget Gas Prods., Inc.*, 440 F.3d 1019, 1022 (8th Cir. 2006). Demeo claims the anti-stacking provision in McGinness' insurance policies is ambiguous and should be construed against State Farm to permit stacking. The Court agrees.

An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions. If policy language is ambiguous, it must be construed against the insurer. *Seeck v. Geico General Ins. Co.*, 212 S.W.3d 129, 132 (Mo. 2007).

McGinness' policies each include the following anti-stacking provision: "If two or more vehicle liability policies issued by us to **you**, **your spouse**, or any **relative** apply to the same accident, the total limits of liability under all such policies shall not exceed that

---

[1] "'Stacking' refers to an insured's ability to obtain multiple insurance coverage benefits for an injury either from more than one policy, as where the insured has two or more separate vehicles under separate policies, or from multiple coverages provided for within a single policy, as when an insured has one policy which covers more than one vehicle." *Niswonger v. Farm Bureau Town & Country Ins. Co. of Missouri*, 992 S.W.2d 308, 313 (Mo. Ct. App. 1999) (citation omitted).

[2] Mo. Rev. Stat. § 379.200 permits a judgment creditor to reach and apply insurance money by suing the defendant's insurer.

[3] The Court previously held that diversity jurisdiction existed in denying Plaintiff's motion to remand (Doc. 10).

2

of the policy with the highest limit of liability." The policies also include the following excess insurance clause: "If . . . a **non-owned car** . . . has other vehicle liability coverage on it . . . then *this coverage is excess over such insurance* . . . ." (Emphasis added). Since the accident vehicle was not owned by McGinness and was covered by one of McGinness' policies, this provision indicates that McGinness' three remaining policies provide *excess* insurance over and above the other applicable coverage. This is inconsistent with the anti-stacking clause.

Considering similar policy language, the court in *Niswonger* held that an anti-stacking provision was rendered ambiguous by an excess insurance clause. *See* 992 S.W.2d at 314-18. In reaching its conclusion, *Niswonger* rejected a contrary holding in *Farm Bureau Town and Country Ins. Co. of Missouri v. Hughes*, 629 S.W.2d 595, 597-98 (Mo. Ct. App. 1981). *Niswonger* was followed in *Chamness v. American Family Mut. Ins. Co.*, 226 S.W.3d 199, 205-08 (Mo. Ct. App. 2007), *American Family Mut. Ins. Co. v. Boney*, No. 09-0075-CV-W-GAF, 2009 WL 1576723, at *5-*6 (W.D. Mo. June 4, 2009), and *Ritchie v. Allied Property & Cas. Ins. Co.*, No. SC 90085, 2009 WL 3833377, *4-*5 (Mo. Nov. 17, 2009) (6-1 decision).[4]

The Court holds that McGinness' insurance policies are ambiguous because a layperson could reasonably interpret the excess insurance clause as providing coverage over and above any other applicable coverage. Demeo will be permitted to stack McGinness' policies and recover $150,000 from State Farm.[5]

---

[4] Although *Ritchie* has not been released for publication in the permanent law reports and is subject to revision or withdrawal, the Court cites *Ritchie* as additional proof that the trend in Missouri is to follow *Niswonger*.

[5] Demeo also contends the anti-stacking provisions violate the policy expressed in Missouri's Motor Vehicle Financial Responsibility Law (MVFRL), Mo. Rev. Stat. § 303.010 *et seq.* Demeo's argument is supported by Missouri case law. *See Karscig v. McConville*, No. SC 90080, 2010 WL 97995, *4-*5 (Mo. January 12, 2010) (7-0 decision, not yet released for publication) (holding anti-stacking provision invalid under MVFRL); *American Standard Ins. Co. v. Hargrave*, 34 S.W.3d 88, 91 (Mo. 2000) ("There is no language in section 303.190 that would restrict the minimum liability payments to a single insurance policy.") *But see First National Ins. Co. v. Clark*, 899 S.W.2d 520, 523 (Mo. 1995) (enforcing exclusion in operator's policy where owner's policy provided

## III. CONCLUSION

Plaintiff's motion for summary judgment is granted and she will be permitted to stack McGinness' insurance policies. State Farm's motion for summary judgment is denied.

IT IS SO ORDERED.

                                          /s/ Ortrie D. Smith
                                          ORTRIE D. SMITH, JUDGE

DATE: March 29, 2010                 UNITED STATES DISTRICT COURT

---

minimum requirements of MVFRL). However, even if Demeo's public policy argument were correct, the anti-stacking provisions would only be held invalid up to the minimum statutory policy limit of $25,000.00 per person. See Mo. Rev. Stat. § 303.190.3; *Karscig*, slip op. at *5. Demeo's ambiguity argument entitles her to a larger recovery.