IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARIE DEMEO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-0472-CV-W-ODS |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION ON REMAND
(1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND
(2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Following remand by the Eighth Circuit, the Court must decide whether anti-stacking clauses in Defendant State Farm's policies violate Missouri public policy. The Court holds they do not; therefore, Plaintiff Marie DeMeo's motion for summary judgment is denied, and State Farm's motion is granted.

I. BACKGROUND

DeMeo was injured by Patrick McGinness, who was driving a non-owned vehicle. The vehicle's owner had insurance coverage through American Family Insurance Company, which paid DeMeo the policy limit.

McGinness owned four vehicles which he insured through State Farm. Each vehicle had its own policy; each policy provided coverage for McGinness's operation of a non-owned vehicle and included an anti-stacking clause. State Farm paid DeMeo the liability limit for one policy ($50,000 per person) and – applying the anti-stacking clauses – declined coverage under the remaining three policies.

This Court ruled that the anti-stacking clauses were ambiguous when read in conjunction with excess insurance provisions in the policies. *See* Doc. 34. The Eighth Circuit reversed the Court's grant of summary judgment in favor of DeMeo, concluding

the phrase "other vehicle liability coverage" in the policies' excess insurance provisions referred solely to the American Family policy, not to the coverage for non-owned vehicles in the State Farm policy that paid DeMeo. *See DeMeo v. State Farm Mut. Auto. Ins. Co.*, 639 F.3d 413, 416 (8th Cir. 2011).

DeMeo had also argued that the anti-stacking clauses violated the policy expressed in Missouri's Motor Vehicle Financial Responsibility Law (MVFRL). *DeMeo*, 639 F.3d at 416-17. The Eighth Circuit noted the Missouri cases applicable to this issue were "far from easy" to reconcile and remanded the case. *Id.*

## II. DISCUSSION

"An insurance policy violates public policy to the extent that it is at odds with the MVFRL." *Yates v. Progressive Preferred Ins. Co.*, 331 S.W.3d 324, 326-27 (Mo. Ct. App. 2011) (citation omitted). MVFRL requires every owner of a vehicle registered or required to be registered in Missouri to "maintain[ ] . . . financial responsibility" conforming to Missouri's laws if the owner operates, registers, or maintains registration of a vehicle. Mo. Ann. Stat. § 303.025.1.[1] An owner can maintain financial responsibility with "a motor vehicle liability policy." § 303.025.2. In this case, McGinness maintained financial responsibility on the four vehicles he owned with the four State Farm policies.

The term "motor vehicle liability policy" means "an owner's or an operator's policy of liability insurance." Mo. Ann. Stat. § 303.190.1. Only operator's policies are required to cover the insured's use of a non-owned vehicle. *Compare* § 303.190.2 *with* § 303.190.3.

DeMeo argues McGinness' policies are "a combination of an owner's and operator's policy" and are required to provide coverage McGinness' use of a non-owned vehicle. Her assertion finds support in *First Nat. Ins. Co. of America v. Clark*, 899

---

[1] This provision also requires an operator of a non-owned vehicle to have financial responsibility on the vehicle if the operator knows the owner has failed to maintain financial responsibility. *See* Mo. Ann. Stat. § 303.025.1.

2

S.W.2d 520, 523 (Mo. 1995), which observed that "[m]any policies . . . contain provisions making them both an owner's and an operator's policy." *Clark* cited as an example a policy which – like McGinness' – provided coverage for liability incurred while driving the insured's owned automobile and any non-owned automobile. *See id.* at 521, 523. Her assertion also finds some support in *American Standard Ins. Co. v. Hargrave*, 34 S.W.3d 88, 90 (Mo. 2000), which interpreted Mo. Ann. Stat. § 303.025.1 (cited above) to "require[ ] owners of vehicles to be financially responsible not only for the vehicles they own (and register) *but for any vehicle they operate*" (emphasis added). A single policy which insures a vehicle owner for the vehicles s/he owns and any vehicle s/he operates would seem to comply with *Hargrave*'s interpretation of MVFRL's mandate.

But the observation in *Clark* was dicta, and both *Clark* and *Hargrave* (to the extent the latter contemplates a single owner/operator policy) are inconsistent with the Missouri Supreme Court's more recent decision in *Karscig v. McConville*, 303 S.W.3d 499 (Mo. 2010). *Karscig* distinguished owner's and operator's policies on the sole criterion of ownership, holding that "a policy issued to an owner is an 'owner's policy' . . . while a policy issued to a non-owner is an 'operator's policy.'" 303 S.W.3d at 503 (citation omitted). The *Karscig* court also commented that it "[did] not know of a situation in which a policy can be both an owner's and an operator's policy." *Id.* at 503 n.7.[2] Applying *Karscig*, the policies State Farm issued to McGinness were owner's policies because McGinness owned the vehicles he insured.

MVFRL requires owner's policies to designate all vehicles covered and "insure the person named . . . against . . . liability . . . arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles." Mo. Ann. Stat. § 303.190.2 (emphasis added). Unlike an operator's policy under § 303.190.3, an owner's policy is required to cover the vehicles designated in the policy, not the insured's use of a non-owned

---

[2] The court did not acknowledge its prior observation in *Clark* that many policies were both owner's and operator's policies.

3

vehicle. See § 303.190.2.[3]

The non-owned vehicle coverage McGinness' policies provided was "additional coverage," subject not to MVFRL, but to the lawful and reasonable terms of parties' contract. See Mo. Ann. Stat. § 303.190.7; *American Family Mut. Ins. Co. v. Ward*, 789 S.W.2d 791, 795 (Mo. 1990). Anti-stacking clauses are neither unlawful nor inherently unreasonable under Missouri law, so the ones in McGinness' policies may be enforced.

III. CONCLUSION

The Court grants State Farm's motion for summary judgment. DeMeo's motion for summary judgment is denied.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: July 13, 2011                    UNITED STATES DISTRICT COURT

---

[3] A seemingly contrary result was reached in *Hargrave*, which held that a household exclusion clause in an owner's policy could not be applied to deny coverage for the insured's use of a non-owned vehicle without failing to provide the minimum requirements in § 303.190.2. See 34 S.W.3d at 91. But by its express terms, § 303.190.2 does not require an owner's policy to cover the insured's use of a non-owned vehicle, so it is difficult to understand how the owner's policy in *Hargrave* was deficient under § 303.190.2.

4